JOSEPH MOORE
(Name)

480 ALTA RD.
(Address)

SAN DIEGO, CA 92179
(City, State, Zip)

BD8941
(CDCR / Booking / BOP No.)

U.S. District Court
Southern District of California
Received

SEP 2 4 2025

Pages: ___9___
Time: 9:15 am
Initials: _____

**FILED**

Oct 31 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ GloriaVocal    DEPUTY

# United States District Court
## Southern District of California

JOSEPH MOORE
(Enter full name of plaintiff in this action.)

                           Plaintiff,

   v.

JEFF MACOMBER
DOES 1-10
CDCR
Dr. Sato, Psychologist
(Enter full name of each defendant in this action.)

                    Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. 25CV2980 AJB BLM
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, JOSEPH MOORE
(print Plaintiff's name)
_____, who presently resides at Richard J. Donovan Correctional
(mailing address or place of confinement)
Facility (CDCR) 480 Alta Rd. San Diego, were violated by the actions of
the below named individuals. The actions were directed against Plaintiff at _____

Richard J. Donovan Corr. on (dates) 10/21/25 , and _____.
(institution/place where violation occurred)     (Count 1)     (Count 2)     (Count 3)

§ 1983 SD Form
[Rev. 8/13]

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant ___Jeff Macomber___ resides in ___Sacramento, Calif.___,
(name)                              (County of residence)
and is employed as a ___CDCR Secretary___. This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: ___Jeff Macomber, as Secretary allowed CDCR Donovan___
___prison officials to reimpose a housing policy that had already___
___been grieved, litigated, and settled violating 8th Amend & 14th.& 504___

Defendant ___CDCR___ resides in ___Sacramento, Calif___,
(name)                              (County of residence)
and is employed as a ___Governing Penal Institution___ This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: ___CDCR operates under the State and federal constitution___
___and is required to uphold the 8th Amendment & 14th Amend. which___
___CDCR failed to uphold under ADA protections for transgenders. & 504___

Defendant ___DOES 1-10___ resides in ___San Diego, CA___,
(name)                              (County of residence)
and is employed as a ___Correctional employees___. This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: ___Allowed Plaintiff to continue to be exposed to housing___
___policy that conflicted with SB 132 & violated ADA & 8th & 14th Amend.___
___rights & privacy rights.___

Defendant ___Dr. Sato___ resides in ___San Diego, Calif.___,
(name)                              (County of residence)
and is employed as a ___Clinical Psychologist___. This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: ___He failed to protect his patient from egregious housing___
___policies which violate privacy rights, 8th Amend. & 14th Amend.___
___rights, 504 (RA), and ADA___

C. Causes of Action (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: **ADA, 504 rehabilitation Act,**
(E.g., right to medical care, access to courts,

**8th Amend, & 14th Amendment**
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

After the first inital civil case was settled Plaintiff sent Secretary Macomber an intent to sue letter again in 2022 which he obviously ignored. Macomber knowingly permitted the the reimplementation of a housing policy previously adjudicated as discriminatory & unconstitutional. Despite receiving direct notice of Plaintiff's intent to sue upon recurrence, Defendant failed to take corrective action thereby violating Plaintiff's rights under the 504 Rehabilitation Act,ADA, the 8th and 14th Amendment. Macomber was the Secretary in 2022 when civil case that settled was still going. Macomber continued enforcement (or failure to revise) this policy reflects intentional discrimination or at minimum reckless disregard for constitutional rights under the 14th Amend/ The double-cell housing policy is disproportionate and harms transgender inmates by denying them privacy, safety,and dignity. Macomber showed deliberate indifference to Plaintiff's needs which are "serious medical needs. His failure to intervene constitutes a violation under color of law.

Count 2: The following civil right has been violated: ADA, 504 Rehabilitation Act, 8th Amend. & 14th

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

CDCR's systemic violation of rights especially regarding transgender housing policies can be supported by this continuous pattern of conduct of trying to house Plaintiff with another inmate. On 10/21/2025 CDCR attempted to house inmate Plaintiff with yet another inmate by the name of Brooks after 3 years of Plaintiff being by herself alone in a single cell capacity by proxy. SB 132 mandates individuals must be housed in a certain facility consistent with their gender identity/ Despite this CDCR has denied hundreds of housing requests from transgender inmates to be housed in a capacity which protects their privacy, their safety, their dignity, and mental health. Donovan is notorious for making excuses to take away an individuals single cell status every day. CDCR has showed deliberate indifference and failed to revise the housing classification system.

Count 3: The following civil right has been violated: __ADA, 504 Rehabilitation Act,__
(E.g., right to medical care, access to courts,
__8th Amend, 14 th Amend__
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

Sato had direct knowledge of the ongoing anxiety of being Housed in a double cell setting with trauma history, and documented distress in mental health notes. He failed to recommend single cell housing knowing his patient suffers from "gender dysphoria" and currently on gendering affirming hormone treatment care and it amounts to deliberate indifference to a "serious medical need" given the history and psychological harm caused to Plaintiff. As a CDCR clinician Dr, Sato has a duty to identify and advocate for accommodations related to my gender dysphoria. Failure to reccommend reasonable accommodation violates fedral law under the color of law. It violates the ADA, 504 Rehabilitation Act, and 8th Amend. and 14th Amend. Dr. Sato's omissions was part of a broader pattern of CDCR clinicians failing to protect transgender patients which amounts to systemic medical neglect.

<u>Count 4</u>: The following civil right has been violated: <u>ADA, 504</u>
<u>Rehabilitation Act, 14th Amendment and 8th Amendment Cruel & Unusual</u> Punishment.
~~Supp~~orting Facts:

DOES 1-10 whose identities are presently unknown, are correctional
officials, classification staff, custody supervisors, medical
personnel employed by CDCR and other mental health staff. Each acted
under the color of law by exercising authority granted by the State
of California in a manner that violated Plaintiff's federally protected
rights. These individuals either participated in, authorized, or
failed to intervene in the October 21, 2025 attempt to assign
Plaintiff a cellmate despite prior litigation, medical documents
and formal notice of the harm such housing causes. Their actions
and omissions whether administrative, custodial, or clinical were
taken in their official capacities and under the auspices of CDCR
policy thereby constituting state action for purposes of 42 U.S.C.
§ 1983. The mental anguish and emotional distress still carried
on after the settlement of the last case because CDCR never wanted
to provide single-cell status permanently, and instead wanted to
give montary compensation. So Plaintiff remained double cell
classified allowing CDCR to try to attempt to violate Plaintiff's
rights yet again which they did after 3 years. It is imperative
that these failures be acknowledged that these officials
could have corrected the constitutional violations before this
happened again. No one did. 14th amend & 8th Amend. violated
and ongoing as long as Plaintiff is classified as double-cell
cleared. ADA is also violated.

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? XXYes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.] Civil suit pertaining to ADA violations & discrimination violating 8th Amend & 14th by deliberate indifference

(a) Parties to the previous lawsuit:

Plaintiffs ` Joseph Moore .

Defendants: Christopher daub, CC1 Taylor, D. Lweis, (AW) M. Palmer,

(b) Name of the court and docket number: U.S. Dist. Court Southern Dist. 3:2022cv00539 - JLS (LR) .

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] CDCR settled the case (monetary settlement) .

(d) Issues raised: CDCR egregious housing policies for trans people in violation of 8th amend, 14th Amend, and ADA, which also violate privacy rights, and cause mental anguish , jeapordizes safety and security, and violates SB 132 state law and Const.
_____.

(e) Approximate date case was filed: 10/26/2022 .

(f) Approximate date of disposition: Can't Remember .

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.] ? ☒Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not exhausted.

This issue has been grievanced and exhausted in 2021, 2022 and litigated in this Court and setteled in 2023. Rials v. Lozano, 2022 U.S. LEXIS 99610 allows for exhaustion of ongoing violation in cases like these. The violation continues as long as single cell is not given and double celling is still being attempted like on 10/21/2025.
_____
_____.

E. Request for Relief

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s):

CDCR, Jeff Macomber, DOES 1-10, Sato

from enforcing their egregious housing placement policy upon

Plaintiff and grant permanent single cell status.

    2. Damages in the sum of $ 53,000.00 .

    3. Punitive damages in the sum of $ 15,000.00 .

    4. Other: Reimburse Plaintiff the filing fees and any other

fees incurred in this case.

F. Demand for Jury Trial

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

10/24/2025
Date

Signature of Plaintiff