FIRST AMENDED COMPLAINT

__JOSEPH MOORE__
(Name)

__480 ALTA RD.__
(Address)

__SAN DIEGO, CA 92179__
(City, State, Zip)

__BD8941__
(CDCR / Booking / BOP No.)



FILED

FEB 13 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# United States District Court
## Southern District of California

__JOSEPH MOORE__,                )
(Enter full name of plaintiff in this action.)    )
                                 )
                    Plaintiff,    )    Civil Case No._____
                                 )    (To be supplied by Court Clerk)
v.                               )    3:25-cv-2980-AJB-BLM
                                 )
__JEFF MACOMBER, CDCR, DOES__    )    Amended Complaint
__1 - 10, DR. SATO__      ,      )    under the Civil Rights
_____,         )    Act 42 U.S.C. § 1983
_____,         )
(Enter full name of each defendant in this action.)  )
                    Defendant(s).  )
                                 )

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____.

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, __JOSEPH MOORE__
                                                              (print Plaintiff's name)
_____, who presently resides at _480 ALTA RD. SAN DIEGO, CA 92179_
                                                   (mailing address or place of confinement)
_____, were violated by the actions of

the below named individuals. The actions were directed against Plaintiff at_ CDCR & Richard J.

__DONOVAN CORRECTIONAL FAC.__ on (dates) _10/21/25,2/5/26_, and __2017 - .Ongoing__
      (institution/place where violation occurred)          (Count 1)        (Count 2)        (Count 3)

§ 1983 SD Form
(Rev. 8/15)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant ___CAL. DEP'T OF CORRECTIONS___, in ___SACRAMENTO, CA___,
                    (name)                                          (County of residence)
and is employed as a ___Public entity of government___. This defendant is sued in
                              (defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: ___CDCR was using actions granted by state law & federal law___
___and abusing it beyond their lawful authority and those actions were___
___done while purporting to act in its (CDCR's) official capacity___.

Defendant ___Jeff MACOMBER___ resides in ___SACRAMENTO, CA___,
                    (name)                                          (County of residence)
and is employed as a ___SECRETARY OF CDCR___. This defendant is sued in
                              (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: ___Mr. Macomber was using his governing authority granted___ by
___the state & fedral law & those actions were beyond their lawful___
___authority and those actions were done acting in his individual & Official___

Defendant ___Dr. Sato___ resides in ___San Diego, CA___,
                    (name)                                          (County of residence)
and is employed as a ___Clinical Psychologist___. This defendant is sued in
                              (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: ___Sato acted under the color of law with authority granted___
___by the state to make decisions that affect an incarcerated persons___
___rights, safety, and medical care.___

Defendant ___DOES 1-10___ resides in ___San Diego, CA___,
                    (name)                                          (County of residence)
and is employed as a ___Officers, Medical staff & Officials___; defendant is sued in
                              (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: ___DOES 1-10 were acting under the color of law with authority___
___granted by the state and fedral law and those actions were beyond___
___their lawful authority and those actions were harmful.___

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: __Eighth Amendment under Cruel &__
(E.g., right to medical care, access to courts,
__Unusual Punishment due to Deliberate Indifference__.
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

Each Defendant Jeff Macomber, Dr. Sato, and DOES 1-10 knew Plaintiff faced a substantial risk of psychological and physical harm, and knew the classification of double-celling and double-celling under CDCR's egregious housing policy exacerbated Plaintiff's "gender dysphoria", and each Defendant was informed by the Plaintiff that exposing herself] using the restroom and disrobing in front of cellmates was humiliating and psychologically harmful and still forced or attempted to force her to double-cell. Defendants know that forcing Plaintiff to double-cell with male or non-affirming inmates or any inmates creates a substantial risk of serious harm especially when Defendants threaten her for refusing their housing policy to protect herself which is why the harm is ongoing and irreparable due to severe psychlogical distress, loss of bodily privacy during dressing & toileting, and increased risk of harassment, assault, and trauma. Defendants failed to take reasonable measures to protect Plaintiff, ignored medical and mental health history of Plaintiff and disregarded her documented vulnerabilities and continues to pressure her into dangerous and harmful housing assignments that is not appropriate for Plaintiff's overall health. This constitutes "deliberate indifference" under **Farmer v. Brennan**, because Defendants knew and still know of and disregard an excessive risk to Plaintiff's health and safety. As a direct and proximate result, Plaintiff suffers and is still suffering severe emotional distress, anxiety, fear, humiliation, and deterioration of her mental health. Defendants actions deprived Plaintiff of minimal civilized measures of life, wanton and unecessary infliction of pain and denied basic human needs including safety and mental health which is cruel & unusual punishment.

§ 1983 SD Form
(Rev. 8/15)

3

## Continuation of Count 1: Eighth Amendment under Cruel & Unusual Punishment due to Deliberate Indifference

Each Defendant knew Plaintiff is a transgender based on the Strategic Offender Management System and previous records they have reviewed, and from being informed by Moore that she's transgender. They knew of the documented vulnerabilities yet failed to take action. Jeff Macomber, Dr. Sato, and DOES 1-10 knew from their SB 132 training and PREA training that transgender inmates face a heightened risk of harassment, assaults, and psychological harm in double cell housing assignments yet failed to act. Each named Defendant's inaction caused Plaintiff to suffer ongoing psychological trauma, humiliation, fear, and deprivation to bodily privacy and overall privacy as a transgender inamte. Plaintiff has suffered severe emotional distress, anxiety humiliation, and loss of safety and loss of bodily privacy and overall privacy as a transgender. Plaintiff was deprived of minimal civilized measures of life's necessities such as, the loss of privacy and bodily privacy caused humiliation and psychological harm, and the necessity of reasonable safety and protection from violence, and basic human dignity. Moore does not need to wait until she is assaulted or humiliated from having to disrobe or use the restroom in front of someone to state this claim because CDCR's double cell housing policy is enforced upon every inmate including Moore even with her vulnerabilities that these officials know of. Moore told Dr. Sato she needed single cell classification and housing due to her disability and vulnerabilities and he failed to act to protect her. Jeff Macomber was sent a letter of intent to sue after the settling of the previous case requesting that he protect Moore yet he refused even though he knew the heightened risks and Moore's single cell pleas.

Continuation of Count 1: Eighth Amendment under Cruel & Unusual Punishment due to Deliberate Indifference

DOES 1-10 knew of Moore's heightened risk of harm after she informed them all of her nedd for single cell housing due to her disability and vulnerabilities. She shared with them the reasons she was vulnerable to harm and informed them she has breasts and that exposure of her body humiliates her and causes her emotional distress to use the restroom in front of others causes her serious psychological harm yet they all did nothing to protect her from these harms which is deliberately indifferent.

For these reasons stated above each Defendant is sued in their **Individual Capacity.**

Count 2: The following civil right has been violated: <u>Equal Protections of the Law</u>
(E.g., right to medical care, access to courts,
<u>under Due Process of the Fourteenth Amendment</u>.
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

Secretary Jeff Macomber violated Plaintiffs equal protections rights by maintianing and approving policies that disproportionately harm transgender inmates and Plaintiff Moore, and failing to comply with SB 132 and CDCR's own gender-identity jail housing protections allowing classification practices that denied Plaintiff Moore the same safety and and privacy rights afforded to cisgender women and failing to correct correct discriminatory practices despite notices through grievances reasonable accomodations requests, and even after Plaintiff previously informed Secretary Macomber after settling Case No. 3:22-cv-0539-LR in which Plaintiff sent a notice of her intent to sue again if Secretary Macomber allowed these violations to happen again. Secretary Macomber has recommended single cell accomodations for cisgender women due to mental health and serious medical needs as well as other inmates throughout CDCR to protect them but has allowed Plaintiff Moore to not be afforded the same protections under the due process of law. Dr. Sato has refused to take into consideration the unique risks Moore faces as a transgender woman with a diagnosis of gender dysphoria and taking gender affirming hormones and ignoring the psychological harm caused to her in the double celling policy of CDCR when mental health clinician recommend that their mental health patients within CDCR be accommodate with single cell if suffer from a serious mental health diagnosis that is classified as a "serious medical need". For Dr. Sato's discrimination of Moore under Equal Protections of the Law due to her diagnosis of "gender dysphoria" is a violation of the Fourteenth Amendment. All Defendants have violated Equal Protections of the Law by applying housing rules differntly to Plaintiff because she is a transgender woman in a mens prison without any legitimate penological interest. DOES 1-10 enforced CDCRs policy and treated Plaintiff differently due to her being transgender from similarly situated cisgender women & inmates with safety & privacy issues.

§ 1983 SD Form (Rev. 8/15)

4

Continuation of Count 2: Equal Protections of the Law
under Due Process of the Fourteenth Amendment

Jeff Macomber denied Plaintiff Moore single-cell status because she is a transgender woman who suffers from a serious medical need due to "Gender Dysphoria". While Macomber has granted single-celled placements to similarly situated cisgender women with comparable safety risks, Jeff Macomber, Dr. Sato, and DOES 1-10 engaged in sex-based differential treatment by not affording Moore the same single-cell accommodations under Equal Protections of the Law. Dr. Sato as Moore's psychological mental health clinician engaged in the same sex-based differential treatment by not submitting the recommendations for Moore to be even considered for single-cell housing accommodations after he's recommended single-cell housing for other patients who suffer from a psychological mental health disability. Dr. Sato knew Plaintiff faced heightened risk of serious harm and has refused to provide the same equal protections for Moore based on her transgender status and Dr. Sato has the authority to protect his patients from harm but failed to do so here due to his intentional discrimination against Moore due to her transgender status. Prison records will show Dr. Sato recommended single cell housing for other similarly situated individuals with mental health disabilities which validates this Equal Protections claim against him. DOES 1-10 violated Equal Protections by enforcing the double cell housing policy upon Plaintiff, but have accommodated similarly situated individuals and cisgender inmates the same protections they denied Moore due to her status as transgender which is sex based diffrentiation. Each Defendant listed in this claim is sued in their Individual Capacity for this Equal Protections violations.

<u>Count 3</u>: The following civil right has been violated: <u>Americans with Disabilities</u>

(E.g., right to medical care, access to courts,

<u>Act  by deprivation of an accommodation</u>                              .

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:   [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

Plaintiff Moore is a transgender woman with a disability of gender dysphoria which is a serious medical need and protected under Coleman v. Newsom. CDCR violated ADA regulations by denying Plaintiff equal access to safe housing, privacy, and mental health stability. CDCR applied housing policies in a way that disproportionately harms disabled transgender inmates and CDCR did just that to Plaintiff Moore by failing to give her an accommodation under ADA. CDCR denied Plaintiff the benefits of safe housing and subjected her to discrimination solely based on her disability. CDCR's housing policy is discriminatory and fails to give a reasonable accommodation based on Moore's disability of 'gender dysphoria. CDCR is sued in its official capacity not as an individual on this claim & for monetary damages & injunctive relief. Jeff Macomber the CDCR Secretary violated ADA regulations by maintaining policies that fail to accommodate Moore a  transgender inmates, and allowing classification systems that ignore Moore's disabled housing needs, and failing to ensure ADA compliance across institutions especially at Richard J. Donovan Correctional Facility where Moore is housed which has caused her harm due to these ADA violations. CDCR is public entity that is required to ensure disabled inmates are not denied the benefits or excluded from programs. Appropriate safe housing was denied Moore which is a program, a service, and activity under ADA Title II. Safe appropriate disability accommodated housing is a benefit under ADA regulations and CDCR and Jeff Macomber and all of the Defendants Dr. Said, & DOES 1-10 violated ADA by failing to accommodate Moore's disability of gender dysphoria by appropriately housing her  due to serious medical needs., and discriminated against her due to her disability. Each Defendant violated the ADA by failing to accommodate Moore and discriminating against her based on disability which is  .

§ 1983 SD Form
(Rev. 8/15)

5

Continuation of Count 3: Americans with Disabilities Act

by deprivation of an accommodation

Gender Dysphoria a serious medical need and classified as a disorder under ADA Title II.

Jeff Macomber is sue in his **Official Capacity for violating this** claim, by denying Plaintiff equal access to a housing program that is safe, and the housing classification program, and PREA/ SB 132 review program, and the medical accommodation program.

Dr. Sato is sued in his **Official Capacity** for violating ADA regulations affecting Moore's ADA rights and he did so based on her disability denying her equal access to the medical accommodation program by his discriminatory actions knowing his obligation to protect his patient Moore from further psychological harm and humiliation and failing to accommodate **her** denying her access to a safe housing program, and mental service.

DOES 1-10 are sued in their **Official Capacity** for violating the ADA Title II right for failing to accommodate Moore's housing classification and single cell needs based on her disability. Their failure to accommodate caused harm and is ongoing.

CDCR is sued in its Official Capacity as a Public Entity for failing to accommodate Moore denying her access to safe housing programs, and mental health services program, and denied her access to the SB/132 review program, and medical accommodation program, since 2017 the Public Entity has discriminated against her based on her disability without corretion. Plaintiff seeks monetary damages from CDCR as a Public Entity in their Official Capacity.

Additional Cause of Action

Count 4. The following civil right has been violated: __Rehabilitation Act _of Section__
(E.g., right to medical care, access to courts,
__504__ .
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

Each Defendant named in this complaint CDCR, Jeff Macomber, Dr. Sato and DOES 1-10, all violated the Rehabilitation Act Section 504 by denying Plaintiff Moore equal access to CDCR programs and services, and activities of fair housing, classification, safety accommodations, mental health services, & disability related modifications. Plaintiff is required the reasonable accommodation of single cell housing to safely access these programs and services due to her disability related vulnerabilities, including exacerbation of gender dysphoria, psychological distress and heightened risk of harm when double-celled. Despite Moore's medical history and mental health, and safety related evidence Defendants refused to provide accommodations and instead repeatedly attempted to force Moore into double-cell housing. Macomber, Sato, DOES 1-10 and CDCR all had actual knowledge that Moore suffered severe psychological distress, and exacerbated her disability everytime bringing someone to her cell-door forcing them upon her for double-cell housing. CDCR receives federal funding and Moore suffers from gender dysphoria and has suffered continuous harm by forcing Moore to settle for being housed with individuals who are discriminatory and biased' towards Moore. The rehabilitation act protects inmates with disabilities from being excluded benefits, and services and programs. CDCR and these Defendants discriminated against Plaintiff solely because of her disability of gender dysphoria which is a disability and violation of the Rehabilitation Act. Moore had put each one of Defendants on notice of her need for an accommodation through the documented history of grievances and reasonable accommodations requests yet still refused to accommodate her needs, denying her access to medical accommodation programs, and participation in the . mental health program.

§ 1983 SD Form
(Rev. 8/15)

Continuation of Count 4: Rehabilitation Act of Section 504

Plaintiff suffers from gender Dysphoria a disability classified under ADA and the Rehabilitation Act. Jeff Macomber is sued in his Oficial Capacity for violating this claim, by denying Plaintiff equal access to a housing program that is safe, and denial to the hosing classification program and PREA/SB 132 review program and the medical accommodation program by denying her a single cell accommodation after he knew the harm being caused and still failed to accommodate.

Dr. Sato is sued in his Official Capacity for violating ADA and the Rehabilitation Act for failure to accommodate Moore with single cell housing and denying her a medical accommodation program, and the PREA/SB 132 review program in violation of RA.

DOES 1-10 are sued in their Official Capacity for violating the Rehabilitation ACt of Section 504 for failing to accommodate Moore with Single cell accommodations discriminating against her due to her disability. Their failure to accommodate is harmful and ongoing.

CDCR is sued in its Official Capacity as a Public Entity for violating the Rehabilitation Act and failing to accommodate Moore discriminating against her based on her disability since 2017. Plaintiff seeks monetary damages for this violation of the Rehabilitation Act in which the harm is still ongoing for failing to accommodate Moore with a single cell to accommodate her disability despite knowing the harm it caused her.

Moore requested an accommodation from each Defendant in this case for a housing program accommodation and medical accommodation, program.

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.] The suit pertained to the same issues raised here in this civil complaint of prison officials gender discrimination.

(a) Parties to the previous lawsuit:

Plaintiffs: ____Joseph Moore_____

Defendants: _Dr. C. Daub, CC1 Centeno, A.W. Palmer,A.W. Lewis, CCII Taylor

(b) Name of the court and docket number: ____3:22-cv-0539-LR_____

Unite States District Court For The Southern District of California

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____Defendants settled the case w/ monetary award to Plaintiff .

(d) Issues raised: _____Deliberate indifference, Cruel & Unusual Punishment

and Privacy Rights, and violations of ADA rights , discriminatory_____

housing policies_____

_____.

(e) Approximate date case was filed: ____2022_____.

(f) Approximate date of disposition: ____2022_____.

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not exhausted.

Reasonable Accomodations Requests & CDCR 602 Grievances_____

_____

_____

_____

_____

_____

_____

_____.

§ 1983 SD Form
(Rev. 8/15)                                    6

## E.  Request for Relief

Plaintiff requests that this Court grant the following relief:

      1. An injunction preventing defendant(s):

No retaliation, or double cell

housing classifications, no double celling with any inmate and

immediate single cell accommodations for bodily privacy and mental

health stabilization.

      2. Damages in the sum of $ 5,000,000.00 .

      3. Punitive damages in the sum of $ 1,000,000.00 .

      4. Other: Reimbursement of any filing fees or Court fees

in this case.

## F.  Demand for Jury Trial

Plaintiff demands a trial by XXX    □ Court.  (Choose one.)
Trial

_3/10/2026_
Date

_Joseph H Moe_
Signature of Plaintiff

## PLAINTIFF'S JUSTIFICATION FOR
### DAMAGES

Plaintiff seeks $5,000,000 in compensatory damages to redress nearly a decade of ongoing, severe and avoidable harm inflicted by Defendant's and CDCR. CDCR is reponsible for the damages here as the public entity that violated ADA and Rehabilitation Acts. The harm has been significant and constant over the years and CDCR failed to correct its wrongs even after the settlement in 2022-2023. The duration and continuity of harm justify a high compensatory award. Nine years of emotional distress and psychological harm with no remediation by Defendant CDCR and other Defendants amounting to prolonged pain and suffering which compounded Plaintiff's trauma for years.

Plaintiff requests that Defendants in their individual capacity split the punitive damages in the awarding of $ 1,000,000.00 for their deliberate indifference and refusal to accommodate Plaintiff knowing the harm caused. The amounts sought here are legally sound due to their indifference to Plaintiff's needs for accommodations.

For the ADA and Rehabilitation Act violations Plaintiff requests immediate injuntive relief to stop the harm that is ongoing.

Date: February 10, 2026

Respectfully submitted,
/s/: Joseph Moore

1.

## DECLARATION

I am the Plaintiff in the this matter of Moore v. Macomber Case No. 3:25-cv-2980-AJB-BLM. The "First Amended Complaint" is su'mitted in the good faith of preserving these claims for the proceedings and I swear under penalty of perjury that every claim mentioned in this "FAC" is true and correct to the best of my knowledge as I believe them to be true.

Date: February 10, 2026                    /s/: Joseph Moore

1.

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____ JOSEPH MOORE _____, declare:

I am over 18 years of age and a party to this action. I am a resident of _____

____ RICHARD   J.   DONOVAN   CORRECTIONAL FACILITY ____ Prison,

in the county of _____ SAN DIEGO _____,

State of California. My prison address is: ____ 480 ALTA RD. ____,

_____ SAN DIEGO, CA 92179 _____.

On ____ February 10th, 2026 ____;
(DATE)

I served the attached: First Amended Complaint,  & Temporary Restrainig Order

____ Application ____
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

CDCR & JEFF MACOMBER, Dr. SATO, & DOES 1-10

State of California Department of Corrections

Office of the Secretary , P.O. BOX 942883,

Sacramento, CA 94283-0001

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on ____ 2/10/2026 ____ _____
(DATE)                                  (DECLARANT'S SIGNATURE)

JOSEPH MOORE
CDCR NO. BD8941
RICHARD J. DONOVAN CORRECTIONAL FACILITY
480 ALTA RD.
SAN DIEGO, CA 92179

LEGAL MAIL CONBIDENTIAL

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
333 WEST BROADWAY, SUITE 420
SAN DIEGO, CA 92101

RECEIVE
FEB 13 2026
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFO
BY

US POSTAGE

