UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH MOORE,
CDCR #BD8941,

Plaintiff,

vs.

JEFF MACOMBER, CDCR, DR. SATO,

Defendants.

Case No.: 3:25-cv-2980-AJB-JAC

**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

## I. INTRODUCTION

Plaintiff Joseph Moore ("Plaintiff") is a prisoner proceeding *pro se* with a civil rights action. On February 4, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), dismissed the original complaint without prejudice, and denied her[1] motion for a temporary restraining order ("TRO"). (*See* Doc. No. 6.) The Court also granted Plaintiff leave to file an amended complaint. (*Id.*)

On February 13, 2026, Plaintiff filed a First Amended Complaint ("FAC") and

[1] As noted in previous orders, because Plaintiff identifies as a transgender woman, the Court refers to Plaintiff with female pronouns. *See, e.g.*, *Schwenk v. Hartford*, 204 F.3d 1187, 1192 n.1 (9th Cir. 2000).

another TRO motion. (*See* Doc. Nos. 7; 8.) On March 26, 2026, the Court dismissed the FAC for failure to state a claim, denied the TRO motion, but granted Plaintiff leave to file a Second Amended Complaint ("SAC"). (Doc. No. 9.) Plaintiff filed the SAC on April 10, 2026. In the SAC, Plaintiff again raises claims under the Americans with Disabilities Act and the Rehabilitation Act, as well as an Eighth Amendment claim pursuant to 42 U.S.C. § 1983. (Doc. No. 10.) For the reasons discussed below, the Court dismisses the SAC for failure to state a claim.

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A. Legal Standard

As with her previous pleadings, because Plaintiff is a prisoner proceeding IFP on a civil rights complaint against government defendants, the Court must screen the SAC and is required to *sua sponte* dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641–42 (9th Cir. 2018). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed-me accusation[s]" fall short of meeting this plausibility standard. *Id.*

### B. Plaintiff's Allegations

In the SAC, Plaintiff states she is a transgender inmate, diagnosed with gender dysphoria, confined at R.J. Donovan Correctional Facility ("RJD"). (Doc. No. 10 at 3.)

Plaintiff alleges she was denied "reasonable accommodation" for her gender dysphoria disability by the California Department of Corrections ("CDCR"); Macomber, the Secretary of the CDCR; and Dr. Sato, a psychologist at RJD. (*Id.* at 3, 7.) Specifically, Plaintiff states the CDCR failed to properly consider her disability when classifying her for a double cell. (*Id.* at 3, 4.) She states that because she is transgender, she is vulnerable to harassment and assault. (*Id.*) Plaintiff further states she was the victim of an assault in 2018. (*Id.* at 3.)

As with Plaintiff's previous pleadings, while Plaintiff states she was improperly classified for "double cell" housing, she does not allege she has been assigned a cellmate. (*See id.* at 3–7.) Plaintiff has, however, been "threatened with disciplinary actions for failure to accept housing assignments." (*Id.* at 3.) Plaintiff states that the failure to classify her for a single cell causes her "severe psychological harm and emotional distress." (*Id.* at 5.) And while other inmates with mental health diagnoses have been classified for single cells, the "classification committee never once discussed [her] gender dysphoria medical needs" when classifying Plaintiff for a double cell. (*Id.*) Plaintiff alleges the classification committee failed to properly conduct an "individualized assessment" when making their decision. (*Id.* at 6.) As a result, she was classified for a double cell in September of 2025, November of 2025, and January 7, 2026. (*Id.*)

Plaintiff also states that Macomber and Dr. Sato knew of her gender dysphoria and requests for a single cell but failed to make an accommodation for her disability, despite knowing the "emotional distress and psychological harm [a] double-celling housing assignment cause[s] her." (*Id.* at 8.)

**C. Discussion**

Plaintiff names three defendants in the SAC: the CDCR itself, Macomber (Secretary of the CDCR), and Dr. Sato. (*Id.* at 2.) Plaintiff alleges the CDCR violated her rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). (*Id.* at 3–6.) She also alleges Macomber and Sato violated her Eighth Amendment right to be free from cruel and unusual punishment, pursuant to 42 U.S.C. § 1983. (*Id.* at 7–8.)

Plaintiff seeks money damages and an injunction requiring the CDCR to provide her with single-cell housing. (*Id.* at 10.)

**1. ADA and RA Claims**

Plaintiff alleges the CDCR violated her rights under the ADA and the RA. (*Id.* at 3–5.) As discussed in this Court's previous orders, to state a claim under Title II of the ADA, a plaintiff must allege: "(1) [s]he is a qualified individual with a disability; (2) [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of [her] disability." *Adom v. Cal. Dep't of Corr. & Rehab.*, — F.4th —, 2026 WL 2639549, at *5 (9th Cir. Sept. 8, 2026) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001)).

To state a claim under Section 504 of the RA, a plaintiff must allege she was: (1) an individual with a disability; (2) otherwise qualified to receive the benefit; (3) denied the benefits of the program solely by reason of her disability; and (4) the program receives federal financial assistance. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Because of the similarities between the laws and remedies available, a complaint that properly states a claim under Title II of the ADA also states a claim under Section 504 of the RA. *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

In screening Plaintiff's previous complaints, the Court assumed gender dysmorphia to be a qualifying disability.[2] But the Court found Plaintiff failed to state a claim under the ADA or RA because she failed to allege facts showing prison officials denied her a single

---

[2] As discussed in this Court's previous screening orders, while this Court is unaware of any controlling law in the Ninth Circuit on whether gender dysmorphia is a qualifying disability under the ADA and RA, it presumes so for the sake of this screening order. *See, e.g.*, *Williams v. Kincaid*, 45 F.4th 759, 779–80 (4th Cir. 2022) (holding that the plaintiff "has plausibly alleged that gender dysphoria does not fall within the ADA's exclusion for 'gender identity disorders not resulting from physical impairments'"), cert. denied, 600 U.S. —, 143 S. Ct. 2414 (2023); *see also Doe v. Horne*, No23-cv-00185-TUC-JGZ, 2024 WL 3091984, at *4 (D. Ariz. June 21, 2024) (finding a plaintiff with gender dysphoria sufficiently alleged a qualifying disability under the ADA and RA).

cell classification "by reason of [her]" gender dysmorphia. *See Duvall*, 260 F.3d at 1135.

The SAC suffers from the same deficiency. Plaintiff states that CDCR knew of her "gender dysphoria disability but refused to accommodate" her by classifying her for a single cell. (*See* Doc No. 10 at 3.) But she again fails to plausibly allege she has been denied a single cell classification *because* of her disability.[3] Instead, she alleges her gender dysphoria requires that she receive a single cell classification, and that the failure to classify her for a single cell is "exacerbating her gender dysphoria." (*Id.*) Plaintiff again fails to allege facts showing she was denied access to a program or service "by reason of" of her gender dysphoria. *See, e.g.*, *Bird v. Cal. Dep't of Corr. & Rehab.*, 2016 WL 7383307, *4 (E.D. Cal. Dec. 21, 2016) (dismissing ADA claim because "[p]laintiff's request for single cell status does not appear to allege that he is denied access to a program or service" and "[i]nstead, Plaintiff appears to allege that his medical condition is exacerbated by double cell status"); *see also Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) (stating "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability"). As with Plaintiff's previous pleadings, it is not clear from the allegations in the SAC whether Plaintiff has ever even had a cellmate during the relevant period, despite her double-cell classification.

In sum, Plaintiff again offers only conclusory allegations, lacking in factual support, and as such has again failed to state a claim under the ADA and RA. *See Iqbal*, 556 U.S. at 681 (stating "formulaic recitations" of elements of a cause of action are insufficient); *see also Turner v. Ralkey*, No. 3:20-CV-5472-TL-DWC, 2022 WL 18460747, at *18 (W.D. Wash. Apr. 26, 2022) (dismissing ADA and RA claims when transgender plaintiff failed to meet her burden to establish defendants' decisions regarding her housing were "by reason of" her gender dysphoria); *Ritter v. Hunt*, No. 24-CV-087-H-DLC, 2025 WL

[3] While Plaintiff states she was designated for a double cell in September of 2025, November of 2025 and January of 2026, it appears she "refused" to accept any assigned cellmate(s). (Doc. No 10 at 3.) She further states she was "threatened" with disciplinary action for refusing the accept the cellmates, but she alleges no facts indicating she was actually disciplined. (*Id.*)

1194016, at *2 (D. Mont. Apr. 24, 2025) ("[Plaintiff] does not allege any facts that, if true, would establish that any defendant discriminated against him on the basis of his disability."); *Olson v. Carter*, No. 2:21-CV-00929-JAM-CKD-PS, 2021 WL 3115126, at *7 (E.D. Cal. July 22, 2021) (dismissing ADA and RA claims as conclusory where " the complaint does not contain any additional supporting facts" to show the plaintiff was denied benefits "because of [their] disability").

Accordingly, the Court **DISMISSES** Plaintiff's ADA and RA claims for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 2. Eighth Amendment Claim

As in her pervious complaints, Plaintiff also raises an Eighth Amendment claim pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges Defendants Macomber and Dr. Sato violated her Eighth Amendment rights by being "deliberately indifferent" to her gender dysphoria in failing to recommend her for a single cell assignment. (Doc. No. 10 at 7–8.)

As discussed in the Court's previous orders, "[f]or an inmate to bring a valid § 1983 claim against a prison official for a violation of the Eighth Amendment, he must [ ] objectively show that he was deprived of something sufficiently serious" and "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). Put another way, a prisoner must plausibly allege the defendants acted with subjective "deliberate indifference" to a substantial risk to the inmate's objectively serious need for health or safety. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Here, even assuming Plaintiff's gender dysphoria constitutes an objectively serious medical need, she has again failed to plausibly allege Macomber and Dr. Sato acted with deliberate indifference. To show deliberate indifference a prisoner must plausibly allege "the official kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must [have been] both be aware of facts from which the inference could [have been] drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the

inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As in her previous pleadings, while Plaintiff alleges Macomber and Dr. Sato knew of her gender dysphoria, she fails to allege facts showing they were subjectively aware that a double cell classification amounted to a substantial risk to her health or safety.[4] *See Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (stating deliberate indifference requires a showing the defendants chose a course of action (or inaction) "in conscious disregard of an excessive risk to the plaintiff's health"). In addition, the Court again notes that nowhere in the SAC—nor in any of Plaintiff's previous pleadings—does she allege she has been assigned a cellmate. *See Elias v. Griffin*, No. 2:23-CV-02940-MWF-JC, 2024 WL 4406823, at *7 (C.D. Cal. June 18, 2024) (finding transgender plaintiff who failed to allege she was ever given a cellmate had not shown any defendant actually and proximately caused a deprivation or injury and thus failed to state an Eighth Amendment claim). As such, Plaintiff has not plausibly alleged Macomber or Dr. Sato acted with deliberate indifference.

The Court therefore **DISMISSES** Plaintiff's Eighth Amendment claims against Macomber and Dr. Sato for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *see also Iqbal*, 556 U.S. at 678.

**D. No Leave to Amend**

In the Court's most recent order dismissing the FAC, Plaintiff was granted a final

---

[4] Plaintiff frames her Eighth Amendment claim in the context of a medical need. However, to the extent she also alleges the failure to classify her for a single cell amounted to a significant risk to her safety, the Court finds she fails to state a claim for the same reasons discussed in the Court's previous screening orders. (*See* Doc. Nos. 6, 9.) Specifically, Plaintiff again fails to allege the possible future assignment of an unspecified cellmate amounts to a threat to her safety. *See Williams v. Wood*, 223 Fed. App'x 670, 671 (9th Cir. 2007) ("[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm."); *see also Eagle v. Wash. State Dep't of Corr.*, No. 2:24-CV-01388-JCC-BAT, 2025 WL 270555, at *8 (W.D. Wash. Jan. 21, 2025) (noting that while "transgender inmates, face a general risk of sexual assault, to establish an Eighth Amendment violation, a plaintiff must do more than show that she faced a general risk of sexual assault: she must show that defendants were aware of a specific threat to her") (internal quotation marks and alterations omitted) (citing *Bradley v. Price*, No. 20-CV-0048-JDP, 2021 WL 1895062, at *3 (W.D. Wis. May 11, 2021)).

opportunity to amend. (*See* Doc. No. 9 at 11 (citing *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").) Now that Plaintiff has twice been informed of the pleading defects of her claims, and has twice failed to cure them, it is clear Plaintiff is unable to state a claim upon which relief may be granted. Accordingly, the SAC is dismissed without further leave to amend. *Id.*; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

## III. CONCLUSION AND ORDER

Accordingly, the Court the Court **DISMISSES** all claims against all Defendants in the Second Amended Complaint without prejudice and without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Clerk of Court will issue a final judgment accordingly and close the file.

**IT IS SO ORDERED.**

Dated: September 15, 2026

Hon. Anthony J. Battaglia
United States District Judge